FREEDMAN AND LORRY, P.C.
BY: SCOTT A. PORTNER
IDENTIFICATION NO. 85314
1601 Market Street, Suite 1550
Philadelphia, Pa.  19103
(215) 925-8400
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Felipe Jaime and Altagracia Jaime, Husband and Wife, | : : : | CIVIL ACTION |
| Plaintiffs, | : | NO. |
| v. | : : | |
| Nationwide Transportation, LLC, Terrell T. Sorey, John Does and ABC Corp(s) 1-10 | : : : | |
| Defendants. | : | |

COMPLAINT

Jury Trial Demanded

1. The plaintiffs Felipe Jaime and Altagracia Jaime, are husband and wife residing at 628 Carldon Street, Allentown, PA 19082.

2. The defendant Nationwide Transportation, LLC is a business organization with its principal place of business located at 815 12th Street, Hammonton, NJ 08037.

3. The defendant Terrell T. Sorey is an individual residing at 146 S. 14th Street Easton, PA 18042.

4. The jurisdiction of this Court is invoked under 28 U.S.C. Section 1332, there being diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, being in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

5.	Venue is appropriate in this Court since a substantial part of the events giving rise to the claim occurred in this Judicial District.

6.	On November 30, 2020, and at all times pertinent hereto, defendant Nationwide Transportation, LLC was the owner of a 2007 tractor trailer VIN Number HSCNAPR27C449800 bearing New Jersey tag number AW455R.

7.	On November 30, 2020 and at all times pertinent hereto, defendant Terrell T. Sorey was employed as a driver by defendant Nationwide Transportation, LLC and was acting in the course and scope of such employment as a driver.

8.	At all times material hereto, defendant Terrell T. Sorey, was the agent, servant, workman and/or employee of Defendant, Nationwide Transportation, LLC, and was operating Defendant Nationwide Transportation LLC's motor vehicle, with Defendant, Nationwide Transportation LLC's permission, consent and knowledge.

9.	At all times material hereto, defendant Nationwide Transportation, LLC conducted business in the Commonwealth of Pennsylvania.

10.	On or about November 30, 2020, at approximately 1:36 p.m., plaintiff Felipe Jaime was the owner and operator of a 2013 Volv-V40 tractor trailer VIN Number 4V4NC9EH5DN143491 bearing Pennsylvania tag number AF79268, during the course and scope of his employment as an independent contractor, which he was lawfully and properly operating eastbound on Interstate 78, a public highway in the Township of Greenwich, County of Berks , Commonwealth of Pennsylvania.

11.	At the aforesaid date and time, the defendant Terrell T. Sorey was operating the aforesaid 2007 tractor trailer owned by defendant Nationwide Transportation, LLC westbound on Interstate 78 between Exit 40 (Kutztown/Krumsville) and Exit 35 (Lenhartsville) when he lost

traction with the wet roadway in the right-hand lane, slid across the left lane, striking the center concrete median with its front end.  The force of the impact pushed the concrete barrier into the eastbound lanes.  The front end of the vehicle operated by plaintiff was struck by the concrete median in the left eastbound lane.  The vehicle operated by plaintiff was forced into the right lane, striking the left side of a 2022 tractor trailer VIN Number 3AKJHHDR1LSLV1083, bearing ME license number 227983B before coming to its final rest in the left eastbound lane facing east, causing the Plaintiff to sustain the injuries and damages set forth.

## COUNT I

**FELIPE JAIME v. NATIONWIDE TRANSPORTATION, LLC and TERRELL T. SOREY**

12. Plaintiff Felipe Jaime repeats and incorporates herein Paragraphs 1 through 11. hereof as if set forth fully herein.

13. The losses, injuries and damages sustained by the plaintiff, Felipe Jaime, as set forth herein resulted directly and proximately from the negligent conduct of defendants and/or defendants agents, servants, workmen and/or employees which consisted of the following manner:

- (a) failing to properly and adequately observe traffic conditions;
- (b) failing to properly and adequately operate said motor vehicle at an acceptable and/or controllable rate of speed;
- (c) failing to properly and adequately operate said motor vehicle in accordance with local ordinances and the laws of the Commonwealth of Pennsylvania;
- (d) failing to properly and adequately prevent individuals defendant knew operated or should have known to have operated a motor vehicle in a carelessness and negligent manner;
- (e) failure to maintain an assured clear distance;

(f) failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

(g) failing to use due care for the safety of the plaintiff under the circumstances; and

(h) negligence per se;

14. As a result of the negligence and carelessness of defendants and/or defendant's agents, servants, workmen or employees, plaintiff suffered and continues to suffer serious injuries including, but not limited to lumbar disc protrusions at L4-L5; impingement syndrome, left shoulder, sprain left shoulder, sprain low back; other serious orthopedic, neurological and internal injuries; arthritic and vascular changes; and severe shock to the nervous system. Plaintiff has in the past required and may in the future continue to require medicines, medical care and attention. Plaintiff has in the past suffered and will continue to suffer agonizing aches, pains and mental anguish. Plaintiff has in the past been disabled and may in the future be disabled from performing plaintiff's usual duties, occupations and avocations.

15. As a result of the carelessness and negligence of defendants and/or defendant's agents, servants, workmen and/or employees, plaintiff incurred medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

16. As a result of the carelessness and negligence of the defendant, the plaintiff has incurred lost wages.

17. As a result of the carelessness and negligence of the defendant, the plaintiff suffered property damage.

18. Plaintiff is not bound by the Limited Tort selection pursuant to 75 Pa.C.S.A. § 1705 whereby plaintiff was not operating a private passenger motor vehicle.

WHEREFORE, plaintiff, Felipe Jaime, jointly and severally claims of defendants and defendants' agents, servants, workmen or employees for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, with costs and interest and brings this action to recover same.

## COUNT II

### ALTAGRACIA JAIME v . NATIONWIDE TRANSPORTATION, LLC and TERRELL T. SOREY

19. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 18 inclusive, with the same force and effect as if fully set forth herein.

19. By reason of the carelessness and negligence of defendants, as aforesaid, and the resultant injuries sustained by the plaintiff Felipe Jaime, plaintiff Altagracia Jaime has in the past been and, in the future, will be deprived of the earnings, comfort, society, companionship, services and consortium of plaintiff Felipe Jaime to her loss and damage.

WHEREFORE, plaintiff, Altagracia Jaime, jointly and severally claims of the defendants and defendants' agents, servants, workmen or employees, for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, with costs and interest and brings this action to recover same.

FREEDMAN AND LORRY, P.C.

BY: /s/ *Scott A. Portner*_____
     SCOTT A. PORTNER
     Attorney for Plaintiffs

## **VERIFICATION**

I , SCOTT A. PORTNER, ESQUIRE, hereby state that I am counsel for the Plaintiff and that I am authorized to make this verification on behalf of Plaintiff in the foregoing action; that I have personal knowledge of the statements made in the foregoing Complaint; and that the statements made in Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in this Verification are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

          **/s/ Scott A. Portner**_____
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiff

DATE:  July 18, 2022